# COVINGTON

BEIJING  BRUSSELS  LONDON  LOS ANGELES
NEW YORK  SAN FRANCISCO  SEOUL
SHANGHAI  SILICON VALLEY  WASHINGTON


MEMO ENDORSED

Jonathan M. Sperling

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1153
jsperling@cov.com

By ECF

Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

January 6, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/16

Re: In the Matter of the Application of Elvis Presley Enterprises LLC ("EPE") for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782, Case No. 1:15-mc-00386-DLC

Dear Judge Cote:

On behalf of Respondent Sony Music Entertainment ("SME"), we respectfully request that this Court set January 20, 2016 as the date for SME to file its opposition to EPE's § 1782 application (the "Application") and February 3, 2016 as the date for EPE to file its reply, if any.

On December 28, 2015, the Court granted the parties' joint request to adjourn SME's time to oppose the Application until two weeks after issuance of the final written judgment dismissing the underlying German proceeding.

The final written judgment was provided to the parties on December 30, 2015. However, due to the fact that SME's German counsel was travelling outside of Germany for the holidays, SME did not receive the German judgment until this morning. Under the Court's December 28 order, SME's opposition currently is due on January 13, leaving SME only one week to review the substance of the German judgment as well the veracity of the English translation provided by EPE, and to take account of it in SME's papers. We therefore request a further extension of one week, to January 20.

EPE does not consent to SME's request, on the grounds that (1) the parties agreed to a filing date two weeks from the issuance of the judgment, not from the date on which SME received it; (2) SME's German counsel should have brought the judgment to SME's attention earlier; (3) by providing SME with an English translation, EPE has placed SME in the same position SME would have been in had it been aware of the judgment on December 30; (4) EPE filed the Application over a month ago; and (5) EPE must file its appeal by February 29, 2016 – although it concedes that this date can be extended. EPE's email setting forth its reasons is attached as Exhibit A.

EPE's reasoning is mistaken. Had SME been notified of the German judgment when it was dispatched to the parties in Germany, we would have received a summary of the contents on

COVINGTON

Honorable Denise Cote
January 6, 2016
Page 2

December 30, 2015, and an English translation no later than January 4, 2016. It bear emphasis that the proceeding in support of which EPE filed its Application has been dismissed, and EPE concedes that the time for filing its appeal can be extended. In addition, it was EPE that chose to wait until the eleventh hour to commence this proceeding—nearly one year after EPE claims SME's subsidiary failed to provide necessary information in the German proceeding.

Given EPE's delay in seeking this relief, and its acknowledgement that the February 29 appeal deadline in Germany can be extended and therefore is illusory, we submit that there is no basis to deny SME a one week extension in order to be able to fully digest and account for the substance of the German court judgment—a judgment dismissing the very proceeding in supposed aid of which EPE brought this application.

This is SME's third request relating to scheduling. The Court granted the prior two requests.

Respectfully submitted,

Jonathan M. Sperling

cc: Counsel for Applicant (by ECF)